IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOMINION ENTERPRISES, a Virginia General Partnership, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW SERPA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No. _____

## COMPLAINT

Plaintiff, Dominion Enterprises ("Dominion"), brings this action against defendant Matthew Serpa for violation of the Copyright Act, 17 U.S.C. § 101 et seq., and for fraud. Serpa, a former employee of Dominion, has stolen copyrighted material from Dominion's publication *Commercial Truck, Trailer and Equipment Trailer*, and is using it in his competing publication, *Truck and Equipment Post*. Dominion further states and alleges as follows:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act, 17 U.S.C. § 101, et seq.

2.      There is complete diversity of citizenship between Dominion and Mr. Serpa, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

3.      This Court has original subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1332 and 1338(a).

4.      Venue is proper in this court under 28 U.S.C. § 1400.

5.      This Court has pendent jurisdiction over the state law claims asserted herein.

6.     This Court has personal jurisdiction over Serpa because he regularly does business in the District and has regularly distributed periodicals in the District that violate the copyright interests which are the subject of this action.

## PARTIES

7.     Dominion is a partnership, organized and existing under the laws of the Commonwealth of Virginia, having its principal place of business at 150 Granby Street, Norfolk, Virginia.

8.     Dominion, through its Trader Media division, produces and distributes over 150 magazines that connect buyers and sellers of new and used vehicles, equipment, and general merchandise through specially-designed classified and photographic advertisements, including the Northeast edition of *Commercial Truck, Trailer & Equipment Trader* ("*Commercial Truck Trader*") magazine.

9.     Upon information and belief, Serpa is a resident of the State of Rhode Island.  He was formerly employed by Dominion as a sales representative for *Commercial Truck Trader* and in that capacity solicited orders for advertisements from dealers located in Massachusetts, New Hampshire and Maine.  A substantial portion of the sales generated by Serpa during his employment with Dominion originated from dealers located in Massachusetts.

10.     The bulk of the content of *Commercial Truck Trader* is made up of copyrighted advertisements for truck, trailer and equipment dealerships in New England, New York, New Jersey and Pennsylvania.  The advertisements in *Commercial Truck Trader* are designed, written, created and produced by Dominion employees.  An advertisement in *Commercial Truck Trader* typically begins with a visit by a Dominion representative to a dealership to receive general instructions regarding the customer's desires for an advertisement, and to take photographs of the merchandise to be advertised.  The Dominion representative also typically

composes written descriptions of each vehicle to be advertised. The representative then creates a handwritten sketch of a proposed advertisement and sends it to one of Dominion's Creative Offices, where one or more graphic artists creates the advertisement on sophisticated graphic design/publishing software. Graphic artists employed by Dominion select the background, text, graphic design, and overall layout of the advertisements in Commercial Truck Trader in order to create a distinct product for each individual customer. On each issue of *Commercial Truck Trader*, Dominion informs readers, and potential customers, that all advertisements are the property of Dominion.

11.     Serpa currently publishes and distributes *Truck & Equipment Post* at business locations throughout New England, including Massachusetts. *Truck & Equipment Post* publishes extensive advertising from Massachusetts businesses.

**COUNT I**
**VIOLATION OF COPYRIGHT**

12.     Dominion repeats and realleges the allegations contained in paragraphs 1 through 11, as if fully set forth herein.

13.     Dominion spends substantial time, money and effort to design, produce and distribute the copyrighted advertisements that make up the majority of the content of *Commercial Truck Trader*.

14.     The copyrighted advertisements are designed through the imagination and creativity of Dominion's employees.

15.     Each customer's specially-designed advertisement is published in one or more of the issues of *Commercial Truck Trader*.

16.     The success of *Commercial Truck Trader* depends upon Dominion's ability to connect buyers and sellers of commercial equipment through unique photographic and classified advertisements.

17.     Dominion is the copyright owner of all content appearing in *Commercial Truck Trader*, and this content is copyrightable subject matter under the Copyright Act, 17 U.S.C. §§ 101 et seq.

18.     Dominion has complied in all respects with the provisions of the Copyright Act and has registered its copyrights to the advertisements that are the subject matter of this action. The copyright registration certificates identify Dominion as the copyright owner.  A copy of each copyright registration is attached as follows:

(a)     Certificate of Registration Number TX-6-988-379 for Issue No. 16 of *Commercial Truck, Trailer & Equipment Trader*, attached as **Exhibit A**;

(b)     Certificate of Registration Number TX 6-979-991 for Issue No. 19 of *Commercial Truck, Trailer & Equipment Trader*, attached as **Exhibit B**;

(c)     Certificate of Registration Number TX 6-979-981 for Issue No. 22 of *Commercial Truck, Trailer & Equipment Trader*, attached as **Exhibit C**;

(d)     Certificate of Registration Number TX 6-980-165 for Issue No. 25 of *Commercial Truck, Trailer & Equipment Trader*, attached as **Exhibit D**.

19.     As is more particularly set forth below, Serpa has and continues to misappropriate for his own profit and advantage copyrighted advertisements owned by Dominion.

20.     From 1991 through February 13, 2009, Serpa was employed as an account executive for Dominion, and sold advertising space in *Commercial Truck Trader* to dealerships in the Northeast.  As an employee, Serpa had access to Dominion's computer network.

21.     As of February 2009, Serpa was on the verge of being terminated for non-performance.  On information and belief, during Serpa's employment, he was actively preparing to launch a publication that would compete with *Commercial Truck Trader*.  On February 13, 2009, Serpa terminated his employment with Dominion.

22.     According to Dominion's computer records, Serpa repeatedly accessed Dominion's computer system after the date of his termination and on information and belief, downloaded or otherwise took copyrighted advertisements and other proprietary information belonging to Dominion.

23.     Beginning in May 2009, Serpa began circulating *Truck & Equipment Post*, a competitor to Dominion's publication, which consists entirely of classified and photographic advertising of commercial trucks and equipment.

24.     Copies of *Truck & Equipment Post* containing Dominion's copyrighted material has been discovered at the business locations of a number of Dominion's Massachusetts customers, including but not limited to (1) GMC, Lowell Street, Methuen, MA; (2) Colonial Ford, Somerset Street, Plymouth, MA; (3) Motor Services, Washington Street, Auburn, MA; (4) Dudley Diesel, Industrial Park East, Oxford, MA; and (4) Consolidated Truck, Plain Street, Rehoboth, MA.  Upon information and belief, Defendant or other sales representatives employed by Defendant, have personally delivered Defendant's publication to these business locations.

25.     Serpa has published at least four issues of *Truck & Equipment Post* containing copyrighted materials owned by Dominion and used without Dominion's permission.  These violations occurred in *Truck & Equipment Post* Issue 18-19, published on May 6, 2009; Issue 20-21, published on June 3, 2009; Issue 22-23, published on June 17, 2009; and Issue 24-25, published on July 1, 2009.

26.     Each of the four issues of *Truck & Equipment Post* described in paragraph 25 above contained advertisements identical or substantially similar to Dominion's copyrighted advertisements.  In some instances, Defendant copied the overall layout, background, text, and graphic content of Dominion's copyrighted advertisements and merely moved the location of the text or graphics, selected a new font, added a border, or changed the featured photographs.  In some instances, the Defendant's copying of Dominion's copyrighted material is nearly exact. For example, the following advertisements were knowingly and unlawfully republished by Defendant, either verbatim, or in substantially similar form:

27.     On or about April 16, 2009 and May 7, 2009, Dominion published two copyrighted advertisements for Salami's Isuzu Trucks in *Commercial Truck Trader* ("Salami Advertisements") , copyrighted issues # 16 and 19.  True and correct copies of the Salami Advertisements are attached as **Exhibit E**.  Defendant published advertisements substantially similar to the Salami Advertisements in issues 20-21, 22-23 and 24-25 of *Truck and Equipment Post*.  True and correct copies of Defendant's three republications of the Salami Advertisements are attached as **Exhibit F**.

28.     On or about April 16, 2009, Dominion published a copyrighted advertisement for Colvin's Aerial Trucks in *Commercial Truck Trader* ("Colvin Advertisement"), copyrighted issue # 16.  A true and correct copy of the Colvin Advertisement is attached as **Exhibit G**. Defendant republished the Colvin Advertisement, verbatim, in issues 20-21 and 24-25 of *Truck and Equipment Post*.   True and correct copies of Defendant's two republications of the Colvin Advertisement are attached as **Exhibit H**.

29.     On or about May 28, 2009 and June 18, 2009, Dominion published two copyrighted advertisements for Grappone Commercial Trucks in *Commercial Truck Trader*

("Grappone Advertisements"), copyrighted issues # 22 and 25.  True and correct copies of the Grappone Advertisements are attached as **Exhibit I**.  Defendant published advertisements substantially similar to the Grappone Advertisements in issues 18-19, 20-21, 22-23, and 24-25 of *Truck and Equipment Post*.  True and correct copies of Defendant's four republications of the Grappone Advertisements are attached as **Exhibit J**.

30.     On or about April 16, 2009, May 7, 2009, May 28, 2009, and June 18, 2009, Dominion published a series of copyrighted advertisements for Holliston Truck in *Commercial Truck Trader* ("Holliston Advertisements"), copyrighted issues # 16, 19, 22 and 25.  True and correct copies of the Holliston Advertisements are attached as **Exhibit K**.  Defendant published advertisements substantially similar to the Holliston Advertisements in issues 20-21 and 24-25 of *Truck and Equipment Post*.  True and correct copies of Defendant's two republications of the Holliston Advertisements are attached as **Exhibit L**.

31.     On or about May 28, 2009 and June 18, 2009, Dominion published two copyrighted advertisements for Ryder Vehicle Sales in *Commercial Truck Trader* ("Ryder Advertisements"), copyrighted issues # 22 and 25.  True and correct copies of the Ryder Advertisements are attached as **Exhibit M**.  Defendant published advertisements substantially similar to the Ryder Advertisements in issues 20-21, 22-23, and 24-25 of *Truck and Equipment Post*.  True and correct copies of Defendant's three republications of the Ryder Advertisements are attached as **Exhibit N**.

32.     On or about April 16, 2009,  May 7, 2009 and June 18, 2009, Dominion published three copyrighted advertisements for Equipment Distributors, Inc. in *Commercial Truck Trader* ("Equipment Distributors Advertisements"), copyrighted issues # 16, 19 and 25.  True and correct copies of the Equipment Distributors Advertisements are attached as **Exhibit O**.

Defendant republished the Equipment Distributors Advertisements, nearly verbatim, in issues 20-21, 22-23 and 24-25 of *Truck and Equipment Post*.   True and correct copies of Defendant's three republications are attached as **Exhibit P**.

33.   Defendant continues to misappropriate Dominion's protectable advertisements. On or about October 15, 2009, Dominion published an advertisement for Place Motors, Inc. in *Commercial Truck Trader* ("Place Motors Advertisement").   A true and correct copy of the Place Motors Advertisement is attached as **Exhibit Q**.   On or about November 18, 2009, Defendant published a substantially similar advertisement for Place Motors in issue 42-43 of *Truck and Equipment Post*.   A true and correct copy of Defendant's advertisement is attached as **Exhibit R**.

34,   Defendant is using the copyrighted advertisements, in which Dominion has heavily invested, for his own profit and advantage.   Defendant boasts, on the cover the *Truck and Equipment Post*, that he can produce "very nice photo ads for just $25.00."   A true and correct copy of the cover of Issue 22-23, which contains this language, is attached as **Exhibit S**.

35.   Upon information and belief, Defendant is using the copyrighted advertisements to usurp Dominion's existing customers.   Defendant is targeting existing clients of Dominion Enterprises by delivering copies of the *Truck and Equipment Post* to their places of business.

36.   By misappropriating Dominion's copyrighted material, Defendant is diminishing the value of Dominion's magazine.

37.   By marketing the copyrighted material to Dominion's clients, Defendant is usurping funds Dominion would have otherwise received through insertion orders from its existing customers.   Furthermore, by distributing a magazine throughout Massachusetts that contains Dominion's copyrighted advertisements, Defendant is diverting consumers who would otherwise read Dominion's magazine.

38.     Dominion has complied in all respects with 17 U.S.C. §§ 101, *et. seq*., and secured the exclusive rights in and to the copyrights in the advertisements.

39.     Defendant's conduct violates the exclusive rights belonging to Dominion as owner of the copyrights, including without limitation, Dominion's rights under 17 U.S.C. § 106.

40.     As a direct and proximate result of Defendant's wrongful conduct, Defendant has obtained and continues to obtain profits and other benefits rightfully belonging to Dominion.

41.     Defendant's wrongful conduct has also caused and is causing substantial and irreparable harm to Dominion and unless enjoined, will cause further irreparable harm, leaving Dominion with no adequate remedy at law.

42.     Defendant's violation of Dominion's rights under 17 U.S.C. § 106 was willful and as a consequence, Dominion is entitled to the maximum statutory damages allowable.

**COUNT I**
**COMMON LAW FRAUD**

43.     Dominion repeats and realleges the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44.     While Defendant was employed by Dominion's Trader Media Division, his responsibilities included obtaining orders for weekly advertisements to be published in *Commercial Truck Trader* ("Insertion Orders").

45.     Defendant's compensation for his work for Dominion was based on the number of Insertion Orders he obtained.

46.     Pursuant to Dominion's policies, Insertion Orders are completed by the customer. By signing the Insertion Order, the customer authorizes Dominion's sales representative to charge the customer's account for each week that the customer's advertisement appears in *Commercial Truck Trader*.

47.     Dominion paid Defendant a commission on each Insertion Order upon submission of the Insertion Order to Dominion, but prior to receipt of full payment from the customer.

48.     On December 22, 2009, January 1, 2009, and January 5, 2009, while still employed as a sales representative for Dominion's Trader Media Division, Defendant falsely and fraudulently represented that Tracy Dzindolet signed and authorized an Insertion Order on behalf of T-Quip Sales & Rentals, Inc.  The three fraudulently signed Insertion Orders are attached as **Exhibit T**.

49.     A statement by Rebecca L. Powers, Controller of T-Quip Sales & Rentals, Inc. that the signatures in the Insertion Orders in Exhibit T are unauthorized is attached as **Exhibit U**.

50.     Defendant acted knowingly and with the intent to defraud and deceive Dominion and with the intent to induce Dominion to pay commissions to Defendant to which he was not entitled.

51.     Whether the customers authorized the Insertion Orders, by signature or otherwise, was a material fact upon which Defendant's right to a commission was based.

52.     Dominion actually and reasonably relied on Defendant's false and fraudulent representations and has been damaged by Defendant's false and fraudulent representations and is entitled to compensatory and exemplary damages.

## JURY DEMAND

Dominion hereby demands a trial by jury on all issues and claims so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Dominion Enterprises respectfully requests that this Court enter judgment in its favor and against Matthew Serpa on the Complaint and enter an order as follows:

(a)     Enjoining and restraining Defendant from engaging in future infringement of Dominion's exclusive rights in the copyrighted material; and

(b)     Awarding Dominion compensatory damages in excess of $75,000, together with prejudgment interest at the maximum rate allowable by law, according to proof at trial; and

(c)     Awarding Dominion the maximum allowable statutory damages for Defendant's violation of Dominion's rights under 17 U.S.C. § 106; and

(d)     Awarding Dominion punitive damages in an amount such as the Court shall find to be just, according to the egregious and willful conduct of Defendant; and

(d)     Awarding Dominion all legal fees and costs incurred in connection with bringing this action; and

(e)     Granting such other relief as the Court deems just and proper.

DOMINION ENTERPRISES,

By Its Attorneys:


/s/   Daniel S. Tarlow
Daniel S. Tarlow (BBO #552920)
Jeffrey J. Pyle (BBO #647438)
PRINCE, LOBEL, GLOVSKY & TYE LLP
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000 (tel.)
(617) 456-8100 (fax)
dtarlow@princelobel.com

Dated:  November 18, 2009